FILED
CLERK, U.S. DISTRICT COURT
NOV 13 2013
CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| HAROLD VINCENT FRANKLIN, <br><br> Petitioner, <br><br> v. <br><br> LEE BACA, et al., <br><br> Respondents. | No. CV 13-8265-R (PLA) <br><br> **ORDER TO SHOW CAUSE RE: DISMISSAL OF SUCCESSIVE PETITION AND FOR LACK OF EXHAUSTION** |

On November 7, 2013, petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody under 28 U.S.C. § 2254 (the "Petition"), in which he challenges his 2008 conviction in the Los Angeles County Superior Court and his sentence therein. The Court observes that on June 28, 2011, petitioner filed an earlier habeas petition in this Court, in Case No. CV 11-5386-R (PLA), in which he also challenged his 2008 conviction. The 2011 petition was dismissed with prejudice in a June 4, 2013, Order adopting the findings and conclusions of the Magistrate Judge. (See Order Adopting Magistrate Judge's Report and Recommendation in Case No. CV 11-5386-R (PLA) ("2013 Order I")). The Court also observes that on August 22, 2012, petitioner filed a separate habeas petition in the United States District Court for the Eastern District of California, which was transferred to this Court on August 30, 2012, in case CV 12-7411-R (PLA), in which he challenged, among other things, the 2009 denial of custody credits from his

2008 conviction. On March 27, 2013, the custody credit ground was dismissed for lack of exhaustion. (See Order Adopting Interim Report and Recommendation in Case No. CV 12-7411-R (PLA) ("2013 Order II"). For the reasons expressed below, it appears that the instant Petition is both successive and unexhausted.

A federal habeas petition is successive if it raises claims that were or could have been adjudicated on the merits in a previous petition. Cooper v. Calderon, 274 F.3d 1270, 1273 (9th Cir. 2001) (per curiam), cert. denied, 538 U.S. 984, 123 S.Ct. 1793 (2003). The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides that a claim presented in a second or successive federal habeas petition that was not presented in a prior petition shall be dismissed unless:

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2)(A), (B).

Furthermore, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

In his 2011 federal habeas challenge, petitioner raised the following claims: (1) "[t]he trial court committed instructional error by failing to instruct on the lesser included offense of petty theft and on the 'claim of right' defense, and by giving CALCRIM No. 362;" (2) "[p]etitioner's constitutional rights were violated by the intentional suppression of evidence;" and (3) "[p]etitioner received ineffective assistance of counsel." (See Report and Recommendation in Case No. CV 11-5386-R (PLA) at 3-4, Docket No. 65). As mentioned above, the action was dismissed with prejudice. (See id. at 20; 2013 Order I, Docket No. 70).

In his 2012 federal habeas challenge, petitioner raised, among others, the claim that he "was 'unconstitutionally denied credits against his sentence to which he was lawfully entitled.'" (See Interim Report and Recommendation in Case No. CV 12-7411-R (PLA) at 2, Docket No. 37). That ground was dismissed for lack of exhaustion. (See id. at 6; 2013 Order II, Docket No. 43).

In the instant Petition, petitioner sets forth the following grounds for relief: (1) "[p]etitioner's due process rights were violated when Abstract of Judgment fails to define all custody credits earned when sentenced in Superior Court Case No. YA072757;" and (2) "[p]etitioner's due process rights were violated when Abstract of Judgment fails to define all state prison credits earned when sentenced in Superior Court Case No. YA073664." (Petition at 5). Even if petitioner's claims in the instant Petition satisfied the AEDPA standards for filing a successive petition (although it does not appear that they satisfy 28 U.S.C. § 2244(b)(2)(A) or (B)), he nevertheless is required to first seek authorization from the Ninth Circuit before filing a successive petition. 28 U.S.C. § 2244(b)(3)(A). Here, there is no indication that petitioner has obtained such permission from the Ninth Circuit. See Burton v. Stewart, 549 U.S. 147, 153, 127 S.Ct. 793, 166 L.Ed.2d 628 (2007) (AEDPA requires petitioner to receive authorization from the Court of Appeals before filing a second habeas petition). It therefore appears that the Court is without jurisdiction to entertain the current Petition under 28 U.S.C. § 2244(b). See id.; Cooper, 274 F.3d at 1274 ("'When the AEDPA is in play, the district court may not, in the absence of proper authorization from the court of appeals, consider a second or successive habeas application.'") (citation omitted).

Furthermore, as a matter of comity, a federal court will not entertain a habeas corpus petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in the petition. Rose v. Lundy, 455 U.S. 509, 518-22, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). The habeas statute explicitly provides that a habeas petition brought by a person in state custody "shall not be granted unless it appears that -- (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the

rights of the applicant." 28 U.S.C. § 2254(b)(1). Moreover, if the exhaustion requirement is to be waived, it must be waived expressly by the state, through counsel. See 28 U.S.C. § 2254(b)(3).

Exhaustion requires that petitioner's contentions be fairly presented to the state supreme court even if that court's review is discretionary. O'Sullivan v. Boerckel, 526 U.S. 838, 845-47, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999); James v. Giles, 221 F.3d 1074, 1077, n.3 (9th Cir. 2000). Petitioner must give the state courts "one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process" in order to exhaust his claims. O'Sullivan, 526 U.S. at 845. A claim has not been fairly presented unless the prisoner has described in the state court proceedings both the operative facts and the federal legal theory on which his claim is based. See Duncan v. Henry, 513 U.S. 364, 365-66, 115 S.Ct. 887, 130 L.Ed.2d 865 (1995); Picard v. Connor, 404 U.S. 270, 275-78, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971); Johnson v. Zenon, 88 F.3d 828, 830 (9th Cir. 1996); Bland v. California Dep't of Corrections, 20 F.3d 1469, 1473 (9th Cir. 1994), overruled on other grounds by Schell v. Witek, 218 F.3d 1017 (9th Cir. 2000). State remedies are not exhausted if an appeal or petition for post-conviction relief is still pending in state court. Sherwood v. Tomkins, 716 F.2d 632, 634 (9th Cir. 1983) (if petitioner has a pending state appeal, he "must await the outcome of his appeal before his state remedies are exhausted"); Schnepp v. Oregon, 333 F.2d 288, 288 (9th Cir. 1964) (per curiam) (state remedies are unexhausted where a petition for post-conviction relief is still pending in state court). Petitioner has the burden of demonstrating that he has exhausted available state remedies. See, e.g., Brown v. Cuyler, 669 F.2d 155, 158 (3d Cir. 1982).

Here, it appears that petitioner has not exhausted his state judicial remedies in connection with this matter. (See Petition at 5). In a petition filed with the California Supreme Court on September 30, 2013, petitioner sets forth essentially the same grounds for relief as he does in the instant Petition. (See Exhibit F at 3-4). A review of California Appellate Courts Case Information reveals that petitioner's habeas corpus petition is still pending. (See California Appellate Courts Case Information website at http://appellatecases.courtinfo.ca.gov). Because petitioner has filed a Petition for Review with the California Supreme Court, but his Petition for Review is pending, the instant Petition is unexhausted. See Sherwood, 716 F.2d at 634. Because the Petition is

unexhausted, it is subject to being dismissed without prejudice. Greenawalt v. Stewart, 105 F.3d 1268, 1271, 1273-75 (9th Cir. 1997).

Accordingly, petitioner is ordered to show cause why the Petition should not be dismissed as successive. Specifically, **no later than December 4, 2013**, petitioner must submit to the Court documentation showing that, pursuant to 28 U.S.C. § 2244(b)(3)(A), he properly filed a motion in the Ninth Circuit for an order authorizing the district court to consider a successive petition, and that the Ninth Circuit issued such an order.[1] **Failure to respond by December 4, 2013, will result in the instant Petition being summarily dismissed without prejudice.** See Reyes v. Vaughn, 276 F.Supp.2d 1027, 1029-30 (C.D. Cal. 2003) (dismissing successive petition without prejudice to petitioner's right to seek authorization from the Ninth Circuit).

Furthermore, **no later than December 4, 2013**, petitioner must also show cause why the Petition should not be dismissed for failure to exhaust state remedies. Filing by petitioner of an Amended Petition that clearly shows petitioner has exhausted his state judicial remedies shall be deemed compliance with this portion of this Order to Show Cause.

**Petitioner is advised that his failure to timely respond to this Order will result in the action being dismissed for lack of exhaustion, as successive, and for failure to prosecute and follow Court orders.**

**IT IS SO ORDERED.**

DATED: November 13, 2013

PAUL L. ABRAMS
UNITED STATES MAGISTRATE JUDGE

---

[1] In the event that petitioner has not complied with 28 U.S.C. § 2244(b)(3)(A), and he does not provide documentation showing that he is not required to first receive Ninth Circuit authorization before filing a successive petition, he is advised that if he wishes to make a successive habeas application, he must file a "Motion for Order Authorizing District Court to Consider Second or Successive Petition Pursuant to 28 U.S.C. § 2244(b)(3)(A)" directly with the Ninth Circuit. Until the Ninth Circuit issues such an order, any direct or implied request for a second or successive petition for writ of habeas corpus is barred by § 2244(b) and must be dismissed **without prejudice** to petitioner's right to seek authorization from the Ninth Circuit to file the petition.