UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| HAROLD VINCENT FRANKLIN, | ) | No. CV 13-8265-R (PLA) |
| Petitioner, | ) | |
| v. | ) | **ORDER DISMISSING PETITION FOR FAILURE TO EXHAUST, PROSECUTE AND FOLLOW COURT ORDERS** |
| LEE BACA, et al., | ) | |
| Respondents. | ) | |

**I.**

**BACKGROUND**

Petitioner initiated this action on November 7, 2013, by filing a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 (the "Petition") in this Court. The Petition challenges petitioner's 2008 conviction in the Los Angeles County Superior Court and his sentence therein. (Petition at 2). In a separate state habeas corpus petition filed with the California Supreme Court on September 30, 2013, petitioner sets forth essentially the same grounds for relief as he does in the instant federal Petition. (See Petition, Exhibit F at 3-4 (Case No. S213739)). The state petition was pending at the time petitioner filed the instant Petition in this Court, and remains so. (See Petition at 5, Exhibit F; http://appellatecases.courtinfo.ca.gov (last visited Dec. 19, 2013)).

Because the Petition appeared to be completely unexhausted, the Magistrate Judge on November 13, 2013, ordered petitioner to show cause, no later than December 4, 2013, why the Petition should not be dismissed for failure to exhaust state remedies.[1]  Petitioner was instructed that the filing of an Amended Petition showing he had exhausted his state judicial remedies would be deemed compliance with that portion of the Order to Show Cause.  Petitioner was further advised that his failure to timely respond to the Order would result in the action being dismissed for lack of exhaustion and for failure to prosecute and follow Court orders.

**To date, petitioner has not filed a response to the November 13, 2013, Order, and his time to do so has passed.**

## II.

## DISCUSSION

As a matter of comity, a federal court will not entertain a habeas corpus petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in the petition.  Rose v. Lundy, 455 U.S. 509, 518-22, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982).  The habeas statute explicitly provides that a habeas petition brought by a person in state custody "shall not be granted unless it appears that -- (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant."  28 U.S.C. § 2254(b)(1).  Moreover, if the exhaustion requirement is to be waived, it must be waived expressly by the state, through counsel.  See 28 U.S.C. § 2254(b)(3).

Exhaustion requires that petitioner's contentions be fairly presented to the state supreme court even if that court's review is discretionary.  O'Sullivan v. Boerckel, 526 U.S. 838, 845-47, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999); James v. Giles, 221 F.3d 1074, 1077, n.3 (9th Cir. 2000).  Petitioner must give the state courts "one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process" in order to

---

[1]   The Order to Show Cause also discussed the apparent successive nature of the instant Petition.  That issue is not addressed herein.

exhaust his claims. O'Sullivan, 526 U.S. at 845. A claim has not been fairly presented unless the prisoner has described in the state court proceedings both the operative facts and the federal legal theory on which his claim is based. See Duncan v. Henry, 513 U.S. 364, 365-66, 115 S.Ct. 887, 130 L.Ed.2d 865 (1995); Picard v. Connor, 404 U.S. 270, 275-78, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971); Johnson v. Zenon, 88 F.3d 828, 830 (9th Cir. 1996); Bland v. California Dep't of Corrections, 20 F.3d 1469, 1473 (9th Cir. 1994), overruled on other grounds by Schell v. Witek, 218 F.3d 1017 (9th Cir. 2000). State remedies are not exhausted if an appeal or petition for post-conviction relief is still pending in state court. Sherwood v. Tomkins, 716 F.2d 632, 634 (9th Cir. 1983) (if petitioner has a pending state appeal, he "must await the outcome of his appeal before his state remedies are exhausted"); Schnepp v. Oregon, 333 F.2d 288, 288 (9th Cir. 1964) (per curiam) (state remedies are unexhausted where a petition for post-conviction relief is still pending in state court). Petitioner has the burden of demonstrating that he has exhausted available state remedies. See, e.g., Brown v. Cuyler, 669 F.2d 155, 158 (3d Cir. 1982).

Here, petitioner has not exhausted his state judicial remedies in connection with this matter. (See Petition at 5, Exhibit F). The grounds for relief raised in the Petition were not presented to the California Supreme Court on direct review (Petition at 4-5), although they have been raised in a habeas petition to that court. (Petition at 5). That petition, however, is still pending. (See California Appellate Courts Case Information website at http://appellatecases.courtinfo.ca.gov (last visited Dec. 19, 2013)). Because petitioner's state habeas corpus petition remains pending in the California Supreme Court, the instant Petition is unexhausted. See Sherwood, 716 F.2d at 634. Because the Petition is unexhausted, it is subject to being dismissed without prejudice. Greenawalt v. Stewart, 105 F.3d 1268, 1271, 1273-75 (9th Cir. 1997).

Moreover, it is well established that a district court has authority to dismiss a petitioner's action because of his or her failure to prosecute or to comply with court orders. See Fed. R. Civ. P. 41(b); Link v. Wabash Railroad Co., 370 U.S. 626, 629-30, 82 S. Ct. 1386, 8 L.Ed.2d 734 (1962) (holding that a court's authority to dismiss for lack of prosecution is necessary to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the

district courts); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) (holding that a district court may dismiss an action for failure to comply with any order of the court).

In determining whether to dismiss this action due to petitioner's failure to prosecute or comply with Court orders, the Court must consider the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the respondents; (4) the public policy favoring disposition of cases on their merits[;] and (5) the availability of less drastic sanctions." Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988); see also In re Eisen, 31 F.3d 1447, 1451 (9th Cir. 1994) (failure to prosecute); Ferdik, 963 F.2d at 1260-61 (failure to comply with court orders).

The first two factors -- the public's interest in expeditious resolution of litigation and the Court's need to manage its docket -- weigh in favor of dismissal. Petitioner's failure to file any response to the Magistrate Judge's November 13, 2013, Order to Show Cause hinders the Court's ability to move this case toward disposition and indicates that petitioner does not intend to litigate this action diligently.

The third factor -- prejudice to respondent -- also weighs in favor of dismissal. A rebuttable presumption of prejudice to respondents arises when a petitioner unreasonably delays prosecution of an action. Eisen, 31 F.3d at 1452-53. Nothing suggests that such a presumption is unwarranted in this case.

The fourth factor -- public policy in favor of deciding cases on their merits -- weighs against dismissal. However, it is petitioner's responsibility to move his case toward a disposition at a reasonable pace and to avoid dilatory and evasive tactics. See Morris v. Morgan Stanley Co., 942 F.2d 648, 652 (9th Cir. 1991). Petitioner has not discharged this responsibility. In these circumstances, the public policy favoring resolution of disputes on the merits does not outweigh petitioner's failure to comply with Court orders.

The fifth factor -- availability of less drastic sanctions -- weighs in favor of dismissal. The Magistrate Judge attempted to avoid dismissal by advising petitioner that the failure to timely respond to the Order to Show Cause would result "in the action being dismissed for lack of

1 exhaustion . . . and for failure to prosecute and follow Court orders." Nonetheless, petitioner has
2 failed to respond to the November 13, 2013, Order.

3       Taking all of the above factors into account, dismissal for failure to prosecute and follow Court
4 orders is appropriate. Such a dismissal, however, should not be entered unless petitioner has been
5 notified that dismissal is imminent. See West Coast Theater Corp. v. City of Portland, 897 F.2d
6 1519, 1523 (9th Cir. 1990). In this case, petitioner was cautioned about the possibility of dismissal
7 in the November 13, 2013, Order.

8       In light of the foregoing, the Court finds that it is appropriate to dismiss the Petition for lack of
9 exhaustion, and for failure to prosecute and comply with Court orders. IT IS THEREFORE
10 ORDERED that this action is **dismissed without prejudice.**

DATED: December 23, 2013

                              HONORABLE MANUEL L. REAL
                              UNITED STATES DISTRICT JUDGE